## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES
DISTRICT OF [illegible]

04 NOV 30 PM 4: 21

CLERK-ALBUQUERQUE

RAY CULLIN,

     Plaintiff,

v.

JOHN W. SKINNER, in his individual
capacity, and HASSAN KHIMJI, an
individual d/b/a HOWARD JOHNSON
EXPRESS,

     Defendants.

CIV - 04 - 1 3 3 5  MV  LFG

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
## STATE LAW CLAIMS, AND DAMAGES

Ray Cullin, by and through his counsel, Kennedy & Han, P.C., brings this complaint for

violation of his civil rights under the Fourth and Fourteenth Amendments to the United States

Constitution and 42 U.S.C. § 1983, and for violations of New Mexico state law, and alleges as

follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988,

and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims.  Venue

is proper in this district as the Defendants are residents of New Mexico and all of the

acts complained of occurred in New Mexico.  Plaintiff's causes of action arose in

New Mexico.

## PARTIES

2.     Plaintiff is a resident and citizen of the State of New Mexico.

3.   Defendant John Skinner was, at all relevant times herein, a law enforcement officer
     employed by the Albuquerque Police Department, a governmental agency operated
     by the City of Albuquerque.

4.   At all times material to this complaint, Defendant Skinner acted within the scope of
     his employment as a law enforcement officer and under color of state law.

5.   Defendant Skinner is sued in his individual capacity.

6.   Defendant Hassan Kimji is a resident of Albuquerque, New Mexico, who at all times
     herein owned and operated the Howard Johnson Express hotel at 411 McNight
     Avenue, N.W., in Albuquerque, New Mexico.

7.   Defendant Kimji is sued in his individual capacity.

## FACTUAL BACKGROUND

8.   Between March 24, 2003 and April 21, 2003, Defendant Kimji d/b/a Howard
     Johnson Express ran an ad in the Albuquerque Journal newspaper advertising rooms
     for rent at a weekly rate of $110.00.

9.   On March 29, 2003, Plaintiff attempted to rent a room at the Howard Johnson
     Express hotel at the advertised rate of $110.00 per week, but was denied a room at
     that rate.  Instead, Plaintiff was offered a room for the rate of $155.00 per week,
     which he declined.

10.  On March 30, 2003, Plaintiff was again denied a room at the Howard Johnson
     Express hotel at the advertised rate of $110.00 per week.

11.  On March 31, 2003, Plaintiff was twice denied a room at the Howard Johnson
     Express hotel for the advertised rate of $110.00 per week.  The first time, Plaintiff

2

was offered a room for the rate of $155.00 per week. The second time, an employee

of Defendant Kimji d/b/a Howard Johnson Express made a false representation to

Plaintiff that the American Inn, not the Howard Johnson Express hotel, had run the

ad advertising the weekly rate of $110.00.

12.     Plaintiff was finally permitted to rent a room at the Howard Johnson Express at the

        advertised rate of $110.00 per week on March 31, 2003, after making a third attempt

        to do so.

13.     Plaintiff rented a room at the Howard Johnson Express on a week-to-week residency

        at the rate of $110.00 per week from March 31, 2003 through April 13, 2003.

14.     On April 14, 2003, the Howard Johnson Express informed Plaintiff that it would not

        rent a room to him for the advertised rate of $110.00. Without any other living

        arrangements, Plaintiff paid the weekly rate of $155.00 in advance.

15.     On April 21, 2003, Plaintiff was again denied a room at the Howard Johnson Express

        at the advertised rate of $110.00 per week. Without any other living arrangements,

        Plaintiff again paid the weekly rate of $155.00 in advance, although he lodged a

        complaint about the rate with the Howard Johnson Express upon check-in.

16.     After Plaintiff checked-in to his room, an employee of Defendant Kimji d/b/a

        Howard Johnson Express requested Defendant Skinner to force Plaintiff from the

        premises despite the absence of lawful authority for him to do so.

17.     Ten to fifteen minutes after Plaintiff went to his room, he heard a knock at the door.

18.     Plaintiff asked who was at the door, and Defendant Skinner informed him "police."

3

19. Plaintiff opened the door, and was greeted by Defendant Skinner who entered the room uninvited and informed Plaintiff that he was going to escort Plaintiff off of the premises of the Howard Johnson Express.

20. When Plaintiff asked Defendant Skinner for identification, Defendant Skinner showed Plaintiff his police badge.

21. When Plaintiff asked why he was being forced to leave, Defendant Skinner told him that he had no right to complain about the price of his accommodations.

22. Defendant Skinner then commanded Plaintiff to pack his belongings and leave the premises or he would be taken to jail for refusing to obey Defendant Skinner's orders.

23. Faced with an unlawful arrest, Plaintiff was left with no choice but to pack his belongings and leave the Howard Johnson Express.

24. Plaintiff took his personal property out to the street, where he had to wait for a ride.

## COUNT I: UNLAWFUL SEIZURE OF PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS SKINNER AND HOWARD JOHNSON EXPRESS

25. Plaintiff hereby incorporates paragraphs 1 through 24 as though fully set forth herein.

26. On April 21, 2003, Defendant Skinner entered Plaintiff's hotel room with the full knowledge, consent, and agreement of Defendant Howard Johnson Express.

27. Defendant Skinner entered Plaintiff's hotel room without a warrant, consent, probable cause or exigent circumstances justifying his entry into the room.

4

28.     After gaining entry, Defendant Skinner dispossessed of his continuing property interest in the hotel room by threatening to arrest Plaintiff despite an absence of probable cause to believe that Plaintiff was committing or had committed any crime.

29.     Defendant Skinner's actions in seizing Plaintiff's hotel room, and the manner in which Defendant Skinner effected the seizure, were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

30.     Defendant Skinner's unlawful seizure of Plaintiff's protected property interest proximately caused Plaintiff damages and injuries. These damages include out-of-pocket expenses, and psychological and emotional distress.

WHEREFORE, Plaintiff Ray Cullin requests compensatory and punitive damages against Defendant Skinner, together with all costs and attorney's fees.

## COUNT II: UNLAWFUL DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANT SKINNER

31.     Plaintiff hereby incorporates paragraphs 1 through 30 as though fully set forth herein.

32.     On April 21, 2003, Defendant Skinner entered Plaintiff's hotel room and seized Plaintiff without reasonable suspicion or probable cause to believe that Plaintiff had committed or was committing a crime.

33.     Defendant Skinner's actions in detaining Plaintiff without reasonable suspicion, and the manner in which Defendant Skinner effected the detention, were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

5

34.     Defendant Skinner's unlawful detention of Plaintiff proximately caused Plaintiff damages and injuries.  These damages include out-of-pocket expenses, and psychological and emotional distress.

WHEREFORE, Plaintiff Ray Cullin requests compensatory and punitive damages against Defendant Skinner, together with all costs and attorney's fees.

### COUNT III: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### AGAINST DEFENDANT KIMJI d/b/a HOWARD JOHNSON EXPRESS

35.     Plaintiff hereby incorporates paragraphs 1 through 34 as though fully set forth herein.

36.     On information and belief, Defendant Kimji d/b/a Howard Johnson Express entered into an agreement with Defendant Skinner whereby Defendant Skinner provided security services to the Howard Johnson Express.

37.     On April 21, 2003, Defendant Skinner unlawfully detained Plaintiff and seized his constitutionally protected property, as set forth above, with the full knowledge, consent, and agreement of Defendant Kimji d/b/a Howard Johnson Express.

38.     Defendant Kimji d/b/a Howard Johnson Express was therefore a willful participant with Defendant Skinner in the joint violation of Plaintiff's constitutional rights set forth above.

39.     The unlawful detention of Plaintiff and the unlawful seizure of Plaintiff's constitutionally protected property interest proximately caused Plaintiff damages and injuries.  These damages include out-of-pocket expenses, and psychological and emotional distress.

WHEREFORE, Plaintiff Ray Cullin requests compensatory and punitive damages against Defendant Kimji d/b/a Howard Johnson Express, together with all costs and attorney's fees.

## COUNT IV: UNLAWFUL REMOVAL FROM DWELLING UNIT
## AGAINST DEFENDANT KIMJI d/b/a HOWARD JOHNSON EXPRESS

40.     Plaintiff hereby incorporates paragraphs 1 through 39 as though fully set forth herein.

41.     Plaintiff's hotel room was a "dwelling unit" within the protections of the Uniform Owner-Resident Relations Act, NMSA 1978, § 47-8-1 et seq.

42.     Defendant Kimji d/b/a Howard Johnson Express unlawfully directed his agent, Defendant Skinner, to enter Plaintiff's dwelling unit on April 21, 2003, contrary to NMSA 1978, § 47-8-24(F).

43.     Defendant Kimji d/b/a Howard Johnson Express unlawfully removed Plaintiff from this dwelling unit contrary to NMSA 1978, § 47-8-36, by causing his agent, Defendant Skinner, to forcefully remove him and his personal property from the Hoard Johnson Express hotel.

44.     These unlawful actions by Defendant Kimji d/b/a Howard Johnson Express proximately caused Plaintiff damages and injuries. These damages include out-of-pocket expenses, and psychological and emotional distress.

WHEREFORE, Plaintiff Ray Cullin requests compensatory and punitive damages against Defendant Kimji d/b/a Howard Johnson Express, together with all costs and attorney's fees.

7

## COUNT V: UNFAIR OR DECEPTIVE TRADE PRACTICE
## AGAINST DEFENDANT KIMJI d/b/a HOWARD JOHNSON EXPRESS

45.   Plaintiff hereby incorporates paragraphs 1 through 44 as though fully set forth herein.

46.   Defendant Kimji d/b/a Howard Johnson Express willfully engaged in an unfair or deceptive trade practice by falsely advertising the rental of its rooms for a weekly rate of $110.00, contrary to NMSA 1978, § 57-12-2 and § 57-12-3.

47.   Defendant Kimji d/b/a Howard Johnson Express' unfair or deceptive trade practice proximately caused Plaintiff damages and injuries.  These damages include out-of-pocket expenses, and psychological and emotional distress.

48.   Plaintiff is entitled to an award of three times his actual damages or three hundred dollars ($300), whichever is greater, along with an award of attorney's fees and costs, as a result of this unfair or deceptive trade practice pursuant to NMSA 1978, § 57-12-10.

WHEREFORE, Plaintiff Ray Cullin requests compensatory and punitive damages against Defendant Kimji d/b/a Howard Johnson Express, together with all costs and attorney's fees.

### JURY DEMAND

49.   Plaintiff hereby demands a trial by jury on all counts so triable.

8

Respectfully submitted,

MARY Y. C. HAN
ADAM S. BAKER
KENNEDY & HAN, P.C.
Attorneys for Plaintiff
201 Twelfth Street, N.W.
Albuquerque, New Mexico 87102
(505) 842-8662

9